## Blasi v. Alexander

*Harry J. Martin, Jr.*, for plaintiff.
*Edward D. McLaughlin*, for defendant.

SWENEY, P. J., October 19, 1959.—In this action to quiet title, an opinion was filed dismissing preliminary objections. Counsel then filed of record a set of stipulated facts and brought the record to the writer of the opinion to decide the ownership of a certain piece of real estate. The court can find no authority for so acting upon counsel's request.

Pa. R. C. P. 1061 provides that, except as otherwise provided, the procedure in the action to quiet title,

from commencement of action to entry of judgment, shall be in accordance with rules relating to actions in assumpsit. In the instant case the court could consider a motion for judgment on the pleadings, but would have to refuse such motion, if made, because the pleadings raise certain issues of fact. That leads to a consideration of the language of Pa. R. C. P. 1066, the pertinent part of which reads as follows:

"(a) The court shall grant appropriate relief at any time upon affidavit that a complaint endorsed with a notice to plead has been served and that the defendant has not filed an answer, or *after a hearing or trial on the pleadings or merits.*" (Italics supplied.)

The court has no objection, if at the time set for a hearing on the merits, respective counsel read their stipulation into the record. This does not mean, however, that the court approves the stipulation as containing all relevant facts upon which it can act. Attempted short-cuts frequently prolong litigation. Short-cuts can cause the most basic rules to be overlooked. For example, in this case, since issues of facts have been raised, the parties have a right to a trial by judge and jury, unless that right has been waived in writing. No such waiver has been filed here.

We believe it is beyond our power to decide this action on the basis of the present record.

Accordingly, we enter the following

### Order

And now, to wit, October 19, 1959, it is ordered, adjudged and decreed:

1. The request that the issues herein involved be determined from the facts set forth in a stipulation of respective counsel filed of record is denied.

2. The parties are ordered to proceed to a hearing on pleadings or the merits as promptly as the court calendar will permit.